United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Securities and Exchange Commission, Plaintiff | ) ) ) | |
| v. | ) ) | Civil Action No. 14-80677-Civ-Scola |
| Kevin McKnight and Stephen Bauer, Defendants | ) ) ) | |

## **FINAL JUDGMENT AS TO DEFENDANT KEVIN MCKNIGHT**

The Securities and Exchange Commission having filed a Complaint, and Defendant Kevin McKnight having: entered a general appearance; consented to the Court's jurisdiction over him and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; waived any right to appeal from this Final Judgment; and having admitted to the allegations contained in the Complaint and having acknowledged that his conduct violated the federal securities laws:

**I.**
## **SECTION 17(a)(1) OF THE SECURITIES ACT OF 1933**

**IT IS ORDERED, ADJUDGED AND DECREED** that McKnight and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a)(1), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or of by use of the mails, to employ any device, scheme, or artifice to defraud by directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## II.
## SECTION 10(b) OF THE SECURITIES EXCHANGE ACT OF 1934 AND EXCHANGE ACT RULES 10b-5(a) and (c)

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that McKnight and his agents, servants, employees, attorneys, representatives and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rules 10b-5(a) and (c), 17 C.F.R. § 240.10b-5(a) and (c), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud; or
(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person about the price or trading market for any security, or (ii) making any false or misleading statement, or disseminating any false or misleading documents, materials, or information, concerning matters relating to a decision by an investor or prospective investor to buy or sell securities of any company.

## III.
## PENNY STOCK BAR

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that McKnight is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## IV.
## CIVIL PENALTY

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that McKnight shall pay a civil penalty in the amount of $7,500.00 to the Securities and Exchange Commission pursuant to Section 20(g) of the Securities Act, 15 U.S.C. §77t(g), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). McKnight shall make this payment within 14 days after entry of this Final Judgment.

McKnight may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. McKnight may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Kevin McKnight as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

McKnight shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## V.
## DISGORGEMENT INCLUDING PREJUDGMENT INTEREST

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Commission's request for relief in the Complaint for Disgorgement including Prejudgment Interest, is hereby **DISMISSED.**

## VI.
## INCORPORATION OF CONSENT

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent filed herewith is incorporated with the same force and effect as if fully set forth herein, and that McKnight shall comply with all of the undertakings and agreements set forth therein.

## VII.
## BANKRUPTCY NONDISCHARGEABILITY

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Complaint are true and admitted by Defendant, and further, any debt for the civil penalty due by Defendant under this Final Judgment in connection with this proceeding, is a debt for the violation by McKnight of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VIII.
## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment. The Clerk shall **close** this case. All pending motions, if any, are denied as moot.

## IX.
## RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Done and Ordered in Chambers in Miami, Florida, March 16, 2015.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE